# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**TYRONE RAHMINGS,**
      **Plaintiff,**

**vs.**                                        **Case No. 5:10cv240/RS/CJK**

**DAVID ELLIS, et al.,**
      **Defendants.**

_____

## O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 5). From a review of the complaint, it is evident that plaintiff failed to comply with the instructions on the complaint form requiring him to describe his prior litigation history. It further appears that plaintiff may not have exhausted his administrative remedies with respect to his claims, and that in any event, the facts as presented fail to state a viable claim for relief under § 1983 as to one or more of the named defendants. The court will therefore allow plaintiff an opportunity to correct these deficiencies and clarify his allegations in an amended complaint.

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution. He was confined at Gulf Correctional Institution ("Gulf CI") at the time of the events giving rise to his complaint. The complaint

names five defendants, all prison officials at Gulf CI: Warden David Ellis, Assistant Warden Douglas Sloan, Chief of Security Ronnie Segers, Institution Inspector Randy Hightower and Sergeant Steven Bachand. (Doc. 5, pp. 1-2). Plaintiff claims his Eighth Amendment rights were violated in November of 2009, when the defendants failed to protect him from an inmate assault. (*Id*., pp. 6-8). As relief, plaintiff seeks monetary damages in an unspecified amount.

With regard to disclosure of plaintiff's litigation history, on page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B))*[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 5, p. 4). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases, but instead wrote "information unavailable." (*Id*.). This response is not acceptable. Plaintiff bears responsibility to be aware of his prior litigation and the results from that litigation. If he cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure

---

[1]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 5, p. 3).

to state a claim, or prior to service. In amending, plaintiff must ensure that this section of the complaint form is fully and accurately completed.

As to the viability of plaintiff's claims, the allegations of plaintiff's complaint are as follows. On September 16, 2009, plaintiff was placed in confinement on a charge of disorderly conduct arising from his running from another inmate (Daniel Evans) who wanted to fight him. (Doc. 5, p. 5). Plaintiff was released from confinement on October 21, 2009. On October 25, 2009, defendant Bachand questioned plaintiff about a note that had come into Bachand's possession. The note was written by inmate Evans and stated Evans' intent to "cut and/or stab" plaintiff. Plaintiff denied any knowledge of the note. After defendant Bachand asked plaintiff why Evans had been chasing him, plaintiff responded that he did not know the reason. On November 3, 2009, defendant Bachand again consulted with plaintiff. In this meeting, Bachand explained that he had been investigating the incident, that he had closed his investigation and that his report recommended "keep[ing] [plaintiff] and inmate Evans separated." (*Id*., p. 5). On November 26, 2009, inmate Evans attacked plaintiff with a knife. After the attack, defendant Hightower visited plaintiff and acknowledged he had seen Bachand's report and knew plaintiff and Evans were supposed to have been separated. Hightower advised plaintiff that he (plaintiff) would be placed on close management status. (*Id*., p. 6). Plaintiff was approved for close management on December 17, 2009. (*Id*.). Based on the foregoing allegations, plaintiff seeks to hold the named defendants liable for failing to prevent the attack from inmate Evans.

The court will first address the exhaustion issue. Title 42 U.S.C. § 1997e, the Prison Litigation Reform Act (PLRA), provides in relevant part: "No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S.Ct. 983. Exhaustion is required whether the plaintiff

---

[2]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)   to avoid premature interruption of the administrative process;
(2)   to let the agency develop the necessary factual background upon which decisions should be based;
(3)   to permit the agency to exercise its discretion or apply its expertise;
(4)   to improve the efficiency of the administrative process;
(5)   to conserve scarce judicial resources;
(6)   to give the agency a chance to discover and correct its own errors; and
(7)   to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Grp. Hospitalization and Med. Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also id.*, 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). "A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim." *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218-19 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). At a minimum, however, the aggrieved prisoner must "alert [] prison officials to the problem and giv[e] them the opportunity to resolve it before being sued." *Id*. at 1219. A court must dismiss a claim when it is apparent from the face of the complaint that the plaintiff failed to exhaust administrative remedies with respect to that claim before filing his lawsuit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

Here, plaintiff attempts to demonstrate exhaustion by attaching to the complaint 62 pages of grievances. Several grievances, however, were returned without action on procedural grounds, and the others did not challenge the Gulf CI prison officials' failure to protect plaintiff from inmate Evans, the wrong alleged in the present

deliberate indifference claim. Instead, they challenged the Institutional Classification Team's placement of plaintiff on Close Management status after the assault due to plaintiff's conduct during the altercation,[3] as well as Santa Rosa CI officials' decision to continue plaintiff on CM status. Plaintiff is warned that if he did not properly exhaust his deliberate indifference claims, he should file a notice of voluntary dismissal in order to avoid a dismissal under 28 U.S.C. § 1915(e)(2)(B), which would count as a "strike."[4]

Even assuming plaintiff properly exhausted his deliberate indifference claims, the allegations fail to state a plausible claim for relief against several, if not all, of the named defendants. In any section 1983 action the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th

---

[3]Plaintiff argued that because he acted in self-defense, his behavior did not warrant his placement on CM status and he should therefore be released to the general population.

[4]Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). When an affirmative defense such as lack of exhaustion is apparent from the face of the complaint and attachments, the complaint may be dismissed for failure to state a claim. A prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Cir. 2001).  Although prison officials have a duty to protect prisoners from violence at the hands of other prisoners, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994) (citations omitted).  Liability under the Eighth Amendment for failing to prevent an attack from another inmate, requires that a correctional official be found to have known and recklessly disregarded "an excessive risk to inmate health or safety."  *Id.*, 511 U.S. at 837, 114 S.Ct. at 1979.  The risk "must be an objectively substantial risk of serious harm," *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11ᵗʰ Cir. 2003) (citing *Farmer*, 511 U.S. at 834, 844-45), one that is beyond mere possibility, *Brown v. Hughes*, 894 F.2d 1533, 1537 (11ᵗʰ Cir. 1990) (per curiam).

With regard to the required state of mind, "there must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature."  *Williams v. Bennett*, 689 F.2d 1370, 1380 (11ᵗʰ Cir. 1982) (quoting *Wright v. El Paso Cnty. Jail,* 642 F.2d 134, 136 (5ᵗʰ Cir. 1981)).  The official must be subjectively aware of the risk, *Cottone*, 326 F.3d at 1358 (citing *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028 (11ᵗʰ Cir. 2001)), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  *Farmer*, 511 U.S. at 842-43, 114 S.Ct. at 1981.  A mere negligent failure to protect an inmate does not state a claim under § 1983.

*Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

A viable complaint must also show that the prison official responded to the risk in an objectively unreasonable manner.  *Cottone*, 326 F.3d at 1358 (citing *Farmer*, 511 U.S. at 834, 844-45); *Marsh*, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk.").  The officer must have a realistic opportunity to prevent the illegal conduct.  *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994).  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-83.  Finally, a plaintiff must show that the constitutional violation caused the injury.  *Cottone*, 326 F.3d at 1359 (citing *Marsh*, 268 F.3d at 1028).

Here, plaintiff does not claim that Bachard's response – his investigation, report and recommendation – was objectively unreasonable.  Instead, plaintiff bases his deliberate indifference claim on Bachard's failure to follow up on his report.  Yet the complaint neither claims nor alleges facts to suggest that <u>after</u> Bachard issued his report, he became aware that his recommendation was not being followed, or that a substantial threat to plaintiff's safety remained despite his recommendation.  Therefore, plaintiff's allegations, as presented, fail to state a plausible deliberate indifference claim against this defendant.

As to defendant Hightower, plaintiff merely names this official as a defendant. The allegations, however, fail to explain how Hightower is responsible for the alleged failure to protect plaintiff (i.e., what this defendant did or did not do that violated plaintiff's rights). In amending, if plaintiff cannot state exactly how this defendant harmed him, he should delete Hightower as a defendant from his complaint.

Finally, as to the remaining defendants Segers, Sloan and Ellis, plaintiff essentially alleges that these supervisory officials must have known of the threat to plaintiff's safety, because they are informed on a regular basis of all security threats and receive copies of all reports concerning security threats, yet failed to take measures to protect plaintiff's safety. Conclusory allegations such as these do not support a reasonable inference that Segers, Sloan and Ellis were subjectively aware of the threat posed by Evans. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (holding that a plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations ... [sufficient] to raise a right to relief above the speculative level.") (citations and internal quotations omitted); *see also Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) ("[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal.") (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 99 (5th Cir. 1974)). Plaintiff's allegations against these defendants require more factual development.

Plaintiff should carefully review this order to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses not to proceed with this action, he should file with the court a notice

of voluntary dismissal. If plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service

copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court shall forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Amended Complaint" should be written on the form.

2. Within **thirty (30) days** of the date of this order, plaintiff shall file a notice of voluntary dismissal or an amended civil rights complaint. If plaintiff files an amended complaint, it must be typed or clearly written and submitted on court form as instructed above. Plaintiff's failure to comply with this order as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 16th day of March, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:10cv240/RS/CJK